UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOSE LEWIS MUNIZ,

                        Plaintiff,                  **23-CV-4224 (DEH) (VF)**

             -against-                       **ORDER**

C.O. MCCALL BADGE #8794, et al.,

                        Defendants.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

      The Court is in receipt of Plaintiff's opposition to Defendants' motion to dismiss, which is attached hereto as Exhibit A. As stated in Local Rule 6.1, Defendants are provided seven days to file their reply in further support of their motion.

      **SO ORDERED.**

DATED:    New York, New York
                 May 29, 2024

                                                             _____
                                                            VALERIE FIGUEREDO
                                                            United States Magistrate Judge

# EXHIBIT A

Honorable Valerie Figueredo,

I apologize for the inconvieance the pro-se clinic was able to find the second part of my motion to dismiss that I had mailed to them. I just recieved my motion to dismiss in the mail and added some changes to it. This is my motion to dismiss in full and I don't need an extension and again I apologize for the inconvieance.

Thank You,

Jose muniz



page #1

## The Allegations in the complaint

I was denied my Orisha roseary prayer beads on March 23, 2023. The description of the 1st set of beads were red and black with a depiction of a Orisha who name is Papa Condelo and the second set was bead colors of red, gold and black with a black fist medallion made from bead hanging from the bracelet which is called protection from evil. I was told by officer McCall that I would only be able to recieve the second set which had red, gold, black and the black fist and not the second set because of the color scheme which had red, black and I believe 3 picture medallions of the Orisha on the bracelet. I pleaded with officer McCall that the colors are a representation of Papa Condelo and with his pictures on the bracelet you can clearly see that this item is religious. I also told her that both sets are identical in color and it doesn't make sense for her to allow me to keep one set and not the other. McCall then raised he voice at me and told me "I should be happy that she is allowing me to have one set and she doesn't have to give me shit." There are multiple people in my housing area & throughout the building who wear & posses roseary beads

page #2

**B. The compliant fails to state a @ RLUIPA or free exercise claims against McCall**

The protection from evil bracelet was sent as a gift from the person at the botanica store because my brother told them that I was incarcerated. My brother paid for the Papa Condelo bracelet that I asked him to get me. I cannot make prayer with a protection from evil it is only to keep me safe. I am a child of Papa Condelo and I look to him for guideance and protection and without his bracelet or neckless I'm unable to communicate and make prayer to him. SRG colors, red yellow, blue and green cannot be an issue because there are many inmates who posses and wear these colors that they have got through the mail from McCall. My beads are solely for religious purposes, the colors of the beads and color combinations of bead strands also carry great significance in the Santeria religion because different color beads correspond to particular Orishas. Santeria beads does not facilitate or encourage gang nual activity even if the prohibitation of Santeria beads, will not result in the reduction of rikers island gang violence. This has put a burden on my religious practice and violation of RLUIPA. This "substantial burden test," we have explained requires courts to distinguish important from unimportant religious beliefs" in order to decide whether a "belief or practice is so peripheral to the plaintiff's religion that any burden can be aptly characterized as

page #3

constitutionally de minimis." The relevant question under the test is whether engaging in the religious observance " is considered central or important to [the plaintiff's] practice of [his religion]" Kravitz v. Purcell, 87 F.4th 111, 119-20 (2d Cir. 2023)

C. The Complaint fails to state a Procedural due Process claim against McCall

Officer McCall shouldn't have been the person to make the ultimate decision on my orisha beads. McCall should have reached out to Adams-nicholas and Adams should have reached out to a Chaplain, security and or Corts if she felt like she couldn't make the decision herself. When Captain Adams does her rounds in housing areas throughout the building she see other inmates with the same if not similar colors of orisha bead neckless so I don't understand why she told me that I couldn't have mine. I waited over a month month after my grievance was forward to the warden Corts for her to solve the issue I never heard anything back and that is a denial of my procedural due process right I also took it upon myself to reach out to the eamon that conducts muslim services to speak to him about my situation and to see if he can help out, he told me that he was very familar with the religion santeria and he would go down to the mail room and have a talk with McCall and vaildate that the items are religious and permissable.

page #4

The eamon went to the mail room twice on my behalf and was given the run around each time by telling him that they didn't know what he was talking about and wasn't any rosearry beads present for me. none of the defendants followed procedural due process

### Point II

The complaint fails to allege the personal involvement of Cort and Adams-nicholas the alleged constitutional violations

my personal involvement with Captain Adams-nicholas was when I made a 311 call and she told me to write a statement so she can conduct an investigation on this matter. The intentional discrimination is shown where Captain Adams-nicholas participated directly in the constitutional violation and allowed the continuance by siding with her co-worker Mr call. I never had any personal involvement with Corts.

### Point III

The complaint fails to state a claim for municipal liability.

I was told that Santeria was not considered a

page #5

religion by the city the challenged action was taken pursuant to a municipal policy or custom. Even if the Doc regulations state that you are allowed to possess beads, as the defendants suggest, that doesn't mean that they are given the status of religious necessities. If the city did acknowledge Santeria as a religion inmates would recieve religious services from a Santero just like how Catholics, muslims and Christians inmates recieve their religious services. I was discriminated against city employees I was not treated equal in comparison to other inmates, my religious rights were violated due to an unconstitutional city policy.